IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| ELISHA RIGGLEMAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 5:11-0868** |
| | ) | |
| JOEL ZEIGLER, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

On November 9, 2011, Plaintiff/Petitioner filed his Complaint indicating that he seeks relief

under Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct.

1999, 24 L.Ed.2d 619(1971) and in *habeas corpus*.[1] Plaintiff/Petitioner claims that in or about October,

2011, he attempted to send letters to family members, friends and the news media and the letters were

returned with a stamp indicating that they were "unauthorized". Plaintiff/Petitioner states that he asked

why the letters were returned to him as "unauthorized" and was informed "that I had made threats

through the mail." Plaintiff/Petitioner states that "[n]ow the BOP F.C.I. Beckley SIS has taken my

unabridged rights to send and receive mail." Plaintiff/Petitioner has attached copies of the letters which

he attempted to send bearing the stamp indicating that the mailings were "unauthorized".

Plaintiff/Petitioner further claims that about two weeks before May 24, 2011, when he was indicted

in United States v. Riggleman, Criminal No. 5:11-0124, Defendants took his telephone privileges

away. Then, after he was indicted, Plaintiff/Petitioner claims that Defendants confiscated documents

pertaining to his defense falsely stating that the Court had ordered it. Plaintiff/Petitioner also claims

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held
to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

that he was charged with a rules infraction a week before his telephone privileges were to be restored

and his telephone privileges were revoked until March, 2012. Plaintiff/Petitioner complains in

particular about Incident Report #2208952 which he states "is under appeal at the BOP region office

currently . . .." Plaintiff/Petitioner has attached a copy of the Incident Report and the Disciplinary

Hearing Officer [DHO] Report to his Complaint.[2] By the Incident Report, which was  issued on

September 10, 2011, Plaintiff/Petitioner was charged with threatening a correctional officer with

bodily harm in violation of Code 203, a high category prohibited act. See 28 C.F.R. § 541.13, Table

3, and BOP's Program Statement 5270.08, Table 3.[3] Though inmates testified during disciplinary

proceedings on September 20, 2011, in support of Plaintiff/Petitioner's position that he did not make

any threatening statement, the DHO chose to believe the statements of the correctional officers and

found that Plaintiff/Petitioner had committed the rule violation as charged. As the penalty, the DHO

disallowed 27 days of earned good time credit and 17 days of unearned good time credit, imposed 30

days of disciplinary segregation and revoked 6 months of telephone privileges consecutive to a

previous revocation of telephone privileges until March 27, 2012. Plaintiff/Petitioner complains that

the statements of the correctional officers which the DHO chose to believe were "illogical" or

inconsistent. Plaintiff/Petitioner seeks monetary and non-monetary relief.

On December 15, 2011, Plaintiff/Petitioner filed an Application Under 28 U.S.C. § 2241 for

---

[2] The Incident Report states that a senior correctional officer overheard Plaintiff/Petitioner say to another inmate respecting a correctional officer who wrote him up that "[t]hat's ok. I'm from around here and one of these days I'll find him and shoot his ass. We'll see how he likes bullets flying around his ass then. * * * [O]ne day he'll get his."

[3] See Riggleman v. Zeigler, Civil Action No. 5:11-0373 at Document No. 9 (Proposed Findings and Recommendation) considering an earlier charge that Plaintiff/Petitioner violated Code 203 by threatening another inmate and the disciplinary proceedings upon that charge under Section 2241 and recommending dismissal for Plaintiff/Petitioner's failure to exhaust administrative remedies.

Writ of Habeas Corpus by a Person in State or Federal Custody. (Document No. 5.) Plaintiff/Petitioner

alleges that one of the Defendants proposed to have sexual relations with him and restates the claims

he made in his Complaint respecting the September, 2011, disciplinary proceedings – Defendants'

initiating of false claims against him and the Disciplinary Hearing Officer's reliance upon

contradictory evidence – and Defendants' interference with his mail. Plaintiff/Petitioner indicates that

he appealed the DHO's decision "to Mid Atlantic Region for the BOP" and received no response.

(Document No. 5 at p. 2.) Plaintiff/Petitioner has attached a Complaint to his Section 2241 Application

stating basically the same allegations.[4] (Document No. 5, pp. 9 - 19.) Plaintiff/Petitioner states that

"[t]his Petitioner could care less really about his good time. His main concern is the mail tampering

and the mail restriction that he was placed on because of false lies and accusations." (Document No.

5 at p. 13.) Essentially, Plaintiff/Petitioner requests that the Court obtain and examine the evidence

supporting the charge that he violated Code 203, and prohibit Defendants from making further false

accusations against him and tampering with his mail.

---

[4] Plaintiff cites the United States Supreme Court's decision in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), as permitting the filing of a *Bivens* action and a *habeas* action together. *Preiser*, however, makes no such allowance. The Supreme Court held in *Preiser* that when a prisoner challenges the fact or length of his confinement and seeks his immediate or earlier release, his challenge must be considered in *habeas corpus*. *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841. In *obiter dictum*, the Supreme Court considered whether challenges to prison conditions amounting to additional and unconstitutional treatment might properly be considered in *habeas* actions stating that "[t]his is not to say that habeas corpus may not also be available to challenge such prison conditions. * * * When a prisoner is placed under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." *Preiser*, 411 U.S. at 499, 93 S.Ct. at 1841 (Citations omitted.). Generally, *Bivens* and Section 2241 actions are viewed as separate and distinct and not overlapping. Challenges to prison conditions are properly considered under *Bivens*, and challenges to the fact and length of confinement in which relief might impact a prisoner's release are properly considered under Section 2241.

**THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. On

screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or

fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based

upon an indisputably meritless legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118

L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v.

Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an

arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u>, 490 U.S. at 327,

109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional

scenarios." <u>Id.</u>, 490 U.S. at 327 -328, 109 S.Ct. at 1833. A complaint is malicious when it contains

allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and

repetitious lawsuits or it contains disrespectful or abusive language. *See* <u>In re Tyler</u>, 839 F.2d 1290,

1293 (8th Cir. 1988). A complaint fails to state a claim upon which relief can be granted when it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief.

**DISCUSSION**

The undersigned finds that Plaintiff/Petitioner's claim that Defendants have improperly

disallowed his mail to his family, friends and the news media falls under <u>Bivens</u> and his claims

respecting the disciplinary proceedings falls under Section 2241.

**Exhaustion of Administrative Remedies.**

The undersigned first considers whether or not it is evident that Plaintiff/Petitioner exhausted

administrative remedies. The Prison Litigation Reform Act [PLRA], 42 U.S.C. § 1997e(a)(1996),

requires that inmates exhaust available administrative remedies prior to filing civil actions though the

administrative process may not afford them the relief they might obtain through civil proceedings.[5]

Woodford v. Ngo, 548 U.S. 81, 85, 126 S.Ct. 2378, 2382 - 2383, 165 L.Ed.2d 368 (2006); Porter v.

Nussle, 534 U.S. 516, 122 S.Ct. 983, 922, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's

exhaustion requirement applies to all inmate suits about prison life whether they involve general

circumstances or particular episodes and whether they allege excessive force or some other wrong.);

Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)("Under 42 U.S.C. §

1997e(a), an inmate seeking only money damages must complete any prison administrative process

capable of addressing the inmate's complaint and providing some form of relief, even if the process

does not make specific provision for monetary relief."). The Fourth Circuit has determined that the

PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative

remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005). Failure to

exhaust administrative remedies is an affirmative defense. The Court is not precluded, however, from

considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit

stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to
> be pleaded and proven by the defendant. That exhaustion is an affirmative defense,
> however, does not preclude the district court from dismissing a complaint where the
> failure to exhaust is apparent from the face of the complaint, nor does it preclude the
> district court from inquiring on its own motion into whether the inmate exhausted all
> administrative remedies.

Dismissal of an inmate's Bivens action without prejudice is appropriate when it is evident that the

---

[5] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of
this title or any other federal law, by a prisoner confined in any jail, prison, or other
correction facility until such administrative remedies as are available are exhausted.

inmate has failed to exhaust administrative remedies.

Respecting claims under 28 U.S.C. § 2241, Section 2241 does not contain a statutory exhaustion requirement. Courts have nevertheless consistently required inmates to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."), *citing* Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001) and Little v. Hopkins, 638 F.2d 953, 953 - 954 (6th Cir. 1981).); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Dismissal of an inmate's Section 2241 Application without prejudice is appropriate when the inmate has failed to exhaust administrative remedies.

BOP Program Statement 5270.08, Chapter 8, provides as follows respecting administrative appeals of DHOs' decisions:

> The reviewing official for decisions by the DHO is the Regional Director. Appeals shall be initially filed on Form BP-230(13) (formerly 'BP-10') with the appropriate Regional Director within 20 calendar days from the date that the inmate receives the written notice of decision. The Warden may also review DHO hearings and appeals, to the extent he/she considers necessary, to assure substantial compliance with the provisions of the discipline policy. In addition, the DHO may receive informal complaints about the procedure and correct mistakes locally before the BP-10' review.

Plaintiff/Petitioner does not indicate whether or not he exhausted administrative remedies with respect to his claim that Defendants have been improperly prohibiting his mail to his family, friends and the news media. Plaintiff/Petitioner indicates that he appealed the DHO's decision to the Mid-Atlantic Regional Office. Because it is not evident from the record that Plaintiff/Petitioner did not exhaust administrative remedies with respect to these claims, the undersigned will consider them on their merits.

**Bivens Claim.**

A <u>Bivens</u> action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. <u>See</u> <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; <u>See also</u> <u>Carlson v. Green</u>, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending <u>Bivens</u> to Eighth Amendment claims); <u>Davis v. Passman</u>, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending <u>Bivens</u> to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. § 1983. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law. Thus, a plaintiff may bring an action for money damages against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. The allegation and proof of an actual injury and causation between the officials' conduct and the alleged injury is necessary for there to be liability. <u>Cochran v. Morris</u>, 73 F.3d 1310, 1317 (4th Cir. 1996)("A prisoner must also identify an actual injury resulting from official conduct. <u>Strickler v. Waters</u>, 989 F.2d 1375, 1382 - 85 (4th Cir.), <u>cert. denied</u>, 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993) A showing of injury is required in order to avoid trivial claims of deprivation."); <u>White v. Gregory</u>, 1 F.3d 267, 269 (4th Cir. 1991)("In <u>Strickler</u>, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the Eighth Amendment.")

An inmate may name a federal officer in an individual capacity as a defendant in alleging a constitutional violation pursuant to <u>Bivens</u>. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475,

484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991);

Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). Furthermore, "Government officials may

not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat*

*superior*. * * * Because vicarious liability is inapplicable to Bivens . . ., a plaintiff must plead that each

Government-official defendant, through the officials own individual actions, has violated the

Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009);

see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001), cert. denied, 537 U.S. 1045 , 123 S.Ct.

621, 154 L.Ed.2d 517 (2002)("In a Bivens suit there is no *respondeat superior* liability. * * * Instead,

liability is personal, based upon each defendant's own constitutional violations." (Citation omitted.)).

Liability can be premised, however, "on a recognition that supervisory indifference or 'tacit

authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they

inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984), cert.

denied, 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). A plaintiff must show "a pervasive and

unreasonable risk of harm from some specified source and that the supervisor's corrective inaction

amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Id. at 373.

Evidence of a supervisor's continued inaction in the face of documented widespread abuses provides

an independent basis for finding he either was deliberately indifferent or acquiesced in the

constitutionally offensive conduct of his subordinates. Id.

Typically, inmates' claims respecting the Bureau of Prisons' prohibition or restriction of their

mailings involve their legal or special mail and implicate their constitutional right of access to the

Courts. Plaintiff/Petitioner's claim that the Bureau of Prisons has improperly prohibited his mailings

to family, friends and the news media implicates no constitutional rights. Rather, it appears that his

mailings are for the purpose of continuing and/or restoring personal relationships. It is clear that the

Bureau of Prisons has broad discretion to prohibit or restrict such communications. Plaintiff/Petitioner further does not allege an actual injury resulting from Defendants' conduct. Plaintiff/Petitioner has therefore failed to state a claim under <u>Bivens</u> for which relief may be granted.

### Section 2241 Claim.

In considering an inmate's petition for *habeas* relief under 28 U.S.C. § 2241, the Court must determine whether the Plaintiff/Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>Rose v. Hodges</u>, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Plaintiff/Petitioner contends that the charges that he threatened a correctional officer on September 10, 2011, were false and the testimony of the correctional officers at his disciplinary hearing was inconsistent. Considering Plaintiff/Petitioner's claims and the nature of these proceedings, the undersigned finds that Plaintiff/Petitioner's Fifth and Eighth Amendment rights are potentially implicated.

The Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law", but the range of protected liberty interests for persons convicted and confined in prison are significantly reduced for their period of incarceration. <u>See</u> U.S. Const. Amend. XIV, § 1; <u>Gaston v. Taylor</u>, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the person's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. <u>Gaston</u>, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." <u>Gaston v. Taylor</u>, 946 F.2d at 343 (emphasis added). It is well established that an inmate cannot be deprived of a constitutionally protected liberty interest in good time credits through disciplinary proceedings without procedural due

process. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).[6] The Supreme

Court stated what procedure is required at a minimum in Wolff. An inmate subject to administrative

disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice

of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses

in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to

receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id.,

418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981. In prison disciplinary cases, "the requirements of due

process are satisfied if some evidence supports the decision by the prison disciplinary board."

Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86

L.Ed.2d 356 (1985). BOP regulations are clearly written in view of the constitutionally required

minimum, but the failure of prison officials to follow their own internal policies, procedures or

regulations alone is insufficient to make out a due process violation when a protected liberty interest

is evident as long as the constitutionally required minimum is met. See Myers v. Klevenhager, 97 F.3d

91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860,

116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court

has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather,

they are primarily designed to guide correctional officials in the administration of prisons. Sandin v.

Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Courts accord prison

---

[6] Inmates have no constitutional right prohibiting false disciplinary charges against them potentially impacting their liberty interests. Rather, they have the right to refute such charges utilizing the procedural due process protections enunciated in *Wolff v. McDonnell*. *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986)("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law.")

officials substantial deference in the exercising of their professional judgment in administering the order, discipline and security of prisons. Beard v. Banks, 548 U.S. 521, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006).

The undersigned finds no indication of error of constitutional magnitude in the disciplinary proceedings. It is clearly evident that in charging and considering Plaintiff/Petitioner's violation of Code 203, prison officials and the DHO adhered to the policies and procedures of the Bureau of Prisons. Plaintiff/Petitioner received all documents pertinent to the charges against him, was advised of his rights and had ample opportunity to present a defense to those charges. The undersigned further finds that prison staff and the DHO acted fully within their discretion in construing the evidence which resulted in the finding that Plaintiff/Petitioner was guilty of violating Code 203. The finding was supported by the evidence and the disallowance of good time credit and privileges was lawful and appropriate. Finally, the undersigned finds that Plaintiff/Petitioner's claims are not cognizable under the Eighth Amendment. See Leblanc v. Pettiford, 2007 WL 465566, *5 (D.S.C.)("[T]he sanction of loss of good time credits . . . does not impose the sort of hardship the Eighth Amendment is intended to reach.") No conduct of Defendants has unconstitutionally impacted the fact and length of Plaintiff/Petitioner's term of confinement, and he is not therefore and will not be in custody in violation of the Constitution or laws of the United States as a consequence of the Defendants' alleged conduct. His Section 2241 claim must therefore be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** this matter and remove it from the docket of this Court.

Plaintiff/Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff/Petitioner shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff/Petitioner who is acting *pro se*.

Date: August 22, 2012.

R. Clarke VanDervort
United States Magistrate Judge